UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN LESTER,<br><br>    Defendant. | Case No. CR02-6002FDB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELEASE ON PERSONAL RECOGNIZANCE PENDING APPEAL |

Before the Court is the motion of Defendant John Lester for an order releasing him on his personal recognizance pending appeal. The Court, having reviewed the motion, any opposition, and the balance of the record, finds for the reasons stated herein, that the motion should be denied.

I.

Defendant was indicted with receipt and possession of child pornography in violation of Sections 2252(a)(4)(B) and 2252(a)(2) of Title 18 of the United States Code. Following a three day jury trial, Defendant was convicted on both counts of the indictment, and on April 1, 2005, the Court sentenced him to forty-eight months custody. Defendant now requests that he be allowed to remain free pending his appeal, claiming that there is clear and convincing evidence that he is not likely to flee, does not pose a danger to the safety of any other person or to the community, his appeal is not

ORDER - 1

for the purpose of delay, and that his appeal raises substantial questions of law or fact likely to result in an order for new trial or reduced term of imprisonment.

## II.

To grant bail pending appeal, a court must find:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;

(2) that the appeal is not for purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (and cases cited therein). The burden of proving entitlement to bail pending appeal belongs to the defendant. *Id.*

In this case, there is no real concern that Defendant is likely to flee or pose a danger to the safety of any other person in the community if released or that the appeal has been made for purpose of delay alone. The real issue is whether Defendant's appeal raises a substantial question of law or fact.

A "substantial question" is one that is "fairly debatable" or "fairly doubtful." *Handy*, 761 F.2d at 1283 (*citing D'Aquino v. United States*, 180 F.2d 271, 272 (11th Cir. 1950); *accord Barefoot v. Estelle*, 103 S.Ct. 3383, 3394 n. 4 (1983); *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). "A 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* (*citing United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *accord Barefoot*, 103 S.Ct. At 3394; *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977)).

The difficulty in this case is that Defendant has failed to identify any question for which the Court might make a finding of substance. Instead, Defendant states only that "while [he] is not able

ORDER - 2

to articulate any particular issue that may result in reversal, the defense's opinion is that at least one will prevail . . . ".  The Court finds that this showing is insufficient and that Defendant has failed to present a "substantial question."

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's motion for order releasing defendant on personal recognizance pending appeal (Dkt.# 145) is **DENIED**.

DATED this 17th day of May, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3